# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12CR085 |
| | § | |
| MARKEITH BERNARD WALLACE | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 3, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Andrew Stover.

On March 7, 2013, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm. Defendant was sentenced to fifteen (15) months imprisonment subject to the standard conditions of release, plus special conditions to include a drug aftercare, financial disclosure, and a $100 special assessment followed by a three (3) year time of supervised release. On September 24, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release.

On July 30, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 37 Sealed]. The Petition asserted that Defendant

violated four (4) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released form the program by the probation officer; and (4) Defendant shall pay a special assessment in the amount of $100 lump sum due immediately.

The Petition alleges that Defendant committed the following acts: (1) On December 29, 2014; March 17, May 29, June 10, 15, and 18, 2015, Defendant submitted urine samples which tested positive for marijuana. Laboratory testing confirmed that each of the positive drug test were the result of new use; (2) On June 3, 2015, Defendant submitted a urine specimen that tested positive for cocaine. Laboratory testing confirmed said result; (3) On July 13, 2015, Defendant failed to attend his scheduled individual counseling session and his scheduled group session at Pierce & Agnew located in Paris, Texas; and (4) On December 22, 2014, Mr. Wallace signed a written agreement to pay the $100 special assessment in full on or before January 31, 2015. As of this writing, Defendant has paid only $25 toward the special assessment and a $75 balance remains.

Prior to the Government putting on its case, Defendant entered a plea of true to all four allegations. Having considered the Petition and the plea of true to allegations one (1), two (2), three (3), and four (4), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months with no term of supervised release to follow.

**SIGNED this 4th day of October, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE